19-265
*U.S. v. Waldman*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty.

PRESENT:
  DENNIS JACOBS,
  SUSAN L. CARNEY,
  JOSEPH F. BIANCO,
          *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

        *Appellee,*

        v.                                                    No. 19-265

DAVID WALDMAN,

        *Defendant-Appellant.*
_____

FOR DEFENDANT-APPELLANT:          Matthew B. Larsen, Federal
                                  Defenders of New York, New
                                  York, NY.

FOR APPELLEE:                     Nicholas Chiuchiolo, Assistant
                                  United States Attorney, (Daniel B.
                                  Tehrani and Mona Sedky), *for*
                                  Geoffrey S. Berman, United States
                                  Attorney for the Southern District
                                  of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 22, 2019, is **AFFIRMED**.

Defendant-Appellant David Waldman ("Waldman") appeals from a judgment of conviction entered on January 22 2019, following entry of his guilty plea in the United States District Court for the Southern District of New York (Failla, *J.*), pursuant to a plea agreement. Waldman was convicted of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). The District Court sentenced Waldman principally to a term of 50 months' imprisonment. The sole issues on appeal are whether, in sentencing Waldman, the District Court properly considered the sentencing factors listed in 18 U.S.C. § 3553, and whether the District Court's references at sentencing to the recovery needs of Waldman's victims reflected the District Court's consideration of a factor not permitted under that statute. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

The parties dispute the applicable standard of review. We need not decide, however, which of the proffered standards governs, because we conclude that, under either, the District Court's sentence was procedurally reasonable. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

Waldman contends that the District Court's comments at sentencing demonstrate that the court placed undue emphasis on the victims' rehabilitation and recovery in derogation of his own need for treatment, contravening Section 3553(a) and rendering his sentence procedurally unreasonable. As relevant here, at Waldman's sentencing hearing, the District Court stated, "I have thought and considered very carefully the factors that are set forth in Section 3553(a)," and then proceeded to address the various factors. App'x at 100. The District Court commented further that,

2

in selecting a sentence, it considered Waldman's need for mental health treatment and, by choosing a somewhat longer sentence it also aimed to enable Waldman's victims to "heal from these awful experiences." *Id.* at 104. The District Court acknowledged that a longer prison term could result in "a retardation of recovery or a slower progress of recovery for Mr. Waldman," but said that it chose to focus on the victims' recovery. *Id.* at 105-06. When the District Court asked defense counsel to identify any reason that it could not impose the proposed sentence, counsel made no objection.

Waldman contends that these comments reflect procedural error in two ways. First, he argues that the District Court was required to impose a sentence that provided for his mental health treatment in "the most effective manner." Appellant's Br. at 7-8 (quoting 18 U.S.C. § 3553(a)(2)(D)). Because the District Court acknowledged that a longer prison sentence could prolong Waldman's own recovery, he submits, the sentence violated that requirement. But Section 3553 does not require a court to impose a sentence that provides a defendant with needed treatment in the most effective manner. Rather, it directs the sentencing court to "consider" various enumerated factors, including whether a sentence "provide[s] the defendant with needed . . . medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). This Court has made clear that the district court need not afford equal weight to each of the Section 3553 factors; instead, a sentencing court may, in its discretion, choose to emphasize certain of the factors over others. *See United States v. Douglas*, 713 F.3d 694, 702-03 (2d Cir. 2013) (rejecting argument that "punitive sanctions are a less appropriate response to criminal acts by persons suffering from addiction than drug treatment," and reasoning that "[s]entencing courts are not required . . . to turn a blind eye to behavior that can reasonably be understood as demonstrating that a particular defendant has shown himself to be a poor candidate for treatment"). Here, in imposing its sentence, the District Court appropriately weighed Waldman's need for treatment and rehabilitation against the other relevant Section 3553 factors, including the nature of his criminal conduct and

the needs to incapacitate and specifically deter Waldman and to protect the victims from further harm.

Second, Waldman contends that the District Court's consideration of the victims' recovery was altogether improper. The sentencing record, however, establishes that when the District Court discussed the victims' trauma, it did so in the context of its general review of the Section 3553(a) factors, including the nature, circumstances, and seriousness of Waldman's criminal conduct, incapacitation, and just punishment. Courts routinely and properly consider the harm caused by a defendant's criminal conduct in accordance with Section 3553(a). *See, e.g.*, *United States v. Pinhasov*, 762 F. App'x 43, 45 (2d Cir. 2019) (affirming a district court's imposition of an above-Guidelines sentence where that court reasoned that the Guidelines range "did not adequately reflect," among other things, "the degree of harm [the defendant] inflicted on the victims"). In sentencing Waldman, the District Court explained at length its evaluation of the Section 3553(a) factors. In its oral commentary, the District Court discussed, among other factors, the nature, circumstances, and seriousness of the offense, Waldman's history and characteristics, and the need for the sentence to afford adequate deterrence and to protect the public—and (as noted above) the victims—from further crimes by Waldman. It also considered the goal of providing Waldman with needed medical care. We identify no error in the District Court's calculus.

* * *

We have considered Waldman's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O' Hagan Wolfe

4